### PRIEST v. GUMPRECHT et al.

(Supreme Court, Appellate Division, First Department. March 6, 1903.)

1. MORTGAGES—EXTENSION—FAILURE OF CONSIDERATION.

A written agreement extending a mortgage three years was given in view of a provision in a second mortgage that it might be extended for the same period, provided the extension of the first mortgage was obtained, and was for the purpose of saving, if possible, the foreclosure of the second mortgage, action for which had been already begun.   In the foreclosure action, however, the court held the extension too late to operate as a defense, and decree of foreclosure was entered, from which no appeal was taken.   *Held,* that the consideration for the extension of the first mortgage had failed.

2. SAME—DEFAULT IN INTEREST—ESTOPPEL TO CLAIM.

Interest on a first mortgage was paid up to February 5, 1901, partly in cash and partly by giving a note payable May 5, 1901.   The next installment of interest was not due until August, 1901, but the note not being paid at maturity, foreclosure was begun May 20, 1901.   In a previous action foreclosing a second mortgage, the first mortgagee had testified that interest on the first mortgage was paid to February 5, 1901, but was prevented from explaining the circumstances by an objection of counsel.   When it became necessary to prepare the terms of sale in this prior foreclosure action, inquiry was made of an attorney of the first mortgagee, who also represented the mortgagors, and the information elicited that interest on the first mortgage was paid to February 5, 1901,

the attorney's information, however, having been obtained from the mortgagors. At the sale, both the attorney of the second mortgagee and the purchaser were notified of the commencement of an action to foreclose the first mortgage. *Held*, that the first mortgagee was not estopped, as against the second mortgagee and the purchaser, from claiming that interest had not been paid to February 5, 1901; so that his foreclosure action was not premature.

Appeal from Special Term, New York county.

Action by Joseph Priest against Valentine Gumprecht, Henry Freeman, and others. From a judgment for plaintiff, defendants Gumprecht and Freeman appeal. Affirmed.

The action was brought to foreclose a first mortgage of $17,000 executed April 5, 1892, with interest payable semiannually at 5 per cent., on premises owned by the defendants Dora and Simon Stein. The complaint, which was verified May 20, 1901, alleged that the defendants named had failed to pay the principal sum and interest, which became payable on August 5, 1897, excepting the sum of $225, which was paid on February 5, 1901, on account of interest then due. Valentine Gumprecht was joined as a defendant, she having held a second mortgage for $2,500 on the premises, given by the defendants Stein on April 14, 1899, to Isaac Rubenstein, payable August 5, 1901, and assigned by Rubenstein, who guarantied it, to. defendant Gumprecht on February 13, 1900. In a foreclosure action brought by Valentine Gumprecht, August 20, 1900, on the second mortgage, a judgment of sale was directed, and at such sale, May 20, 1901, the premises were purchased, subject to the first mortgage by Henry Freeman. The latter was, therefore, by order of the court, brought in as a party defendant in the present foreclosure proceedings.

The defendants Gumprecht and Freeman alone answered, and their defense was that the first mortgage was not payable, and that the interest thereon which became due on February 5, 1901, was fully paid, and that prior to the commencement of this action the defendants Stein entered into an agreement with the plaintiff whereby the time of payment of the said mortgage was extended for three years from August 5, 1900; that the defendant Gumprecht had commenced an action to foreclose the second mortgage, and the plaintiff, for the purpose of inducing her to postpone advertising the premises for sale, represented that the first mortgage had been extended to August 5, 1903, and that interest had been paid thereon in full to February 5, 1901, and therefore a legal notice of sale was published containing the statement that the plaintiff's mortgage was outstanding, with interest from February 5, 1901; and that, believing such representations, the defendant Gumprecht sold, and the defendant Freeman purchased, the premises, and that thereafter the plaintiff began this action of foreclosure.

It is undisputed that both the first and the second mortgages became due by their terms on August 5, 1900, and that the second mortgage contained a provision that it might be extended for a period of three years, provided that a like extension of the first mortgage was obtained; and the defendants Stein requested the plaintiff to extend the first mortgage so that the second mortgage might also be extended, and the plaintiff acceded thereto, and early in September, 1900, signed an agreement of extension of three years from August 5, 1900. Notwithstanding this extension, the defendant Gumprecht declined to extend the second mortgage, and Rubenstein, the original holder thereof, who had guarantied its payment, refused to consent, and action was begun for the foreclosure of said second mortgage. The defense in that action was that the first mortgage had been extended and interest thereon paid up to February 5, 1900, and on the trial therein the plaintiff Priest was called as a witness, and, when asked if the interest was not paid to February 5, 1900, he answered, "February 5th— " and counsel at once interposed an objection, and plaintiff was not permitted to fully state the circumstances. As the result of the foreclosure proceedings of the second mortgage, the court held that the extension of the first mortgage had been obtained too late to avail the defendants Stein, and directed a sale of the premises. Subsequent to the entry of such judgment, and on April 16, 1901, Mr. Decker, who was

the attorney for the defendants Stein, and is now attorney for this plaintiff, wrote to Mr. Benjamin, the attorney of Valentine Gumprecht, requesting a delay in advertising the sale, and stating that "the interest on the first mortgage was paid to February 5, 1901."

As matter of fact, on February 5, 1901, there was paid on account of interest on the first mortgage only $225, and a note for $200 payable May 5, 1901; and a receipt was given defendants Stein by the plaintiff, so stating. This note was never paid. Mr. Decker on the present trial testified that it was not until May 5, 1901, that he knew that interest on the first mortgage had not been fully paid up to February 5, 1901. The notice of sale, which was dated May 2, 1901, contained the statement that "the premises will be sold subject to a prior mortgage of $17,000, with interest from February 5, 1901"; and the sale was fixed for May 20, 1901. On that day the present action was begun, and, at the sale, notice thereof was given to Mr. Benjamin, who told the referee, who made an announcement to that effect. Mr. Benjamin also told the defendant Freeman, for whom he acted as attorney, that the suit was begun, but the latter nevertheless purchased the premises.

The Special Term held that there was no consideration to support the extension of the first mortgage, save that which failed when the second mortgage was foreclosed, and that the plaintiff should have judgment for the principal of the mortgage, with interest from August 5, 1900, less the sum of $225, with interest from February 5, 1901; and directed a sale of the premises, and a deficiency judgment against the defendants Stein. From the judgment so entered, the defendants Gumprecht and Freeman appeal.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Wayland E. Benjamin, for appellants.

Charles A. Decker, for respondent.

O'BRIEN, J. The principal issue litigated upon the trial and presented for our consideration upon this appeal is whether the first mortgage was due at the time this action was begun.

It is undisputed that a written agreement had been given to the Steins by the plaintiff which in terms extended the mortgage to August 5, 1903, and, were there nothing more in this record than that agreement, the plaintiff would undoubtedly, under its terms, have been bound by the extension granted. It is always competent, however, to inquire into the consideration of a contract; and such inquiry resulted in this case in a finding, which is supported by the evidence, that the agreement of extension was "given to save, if possible, the foreclosure of the said second mortgage held by the defendant Gumprecht, who had already brought an action to foreclose the said second mortgage, through Benjamin & Loeser, Esqrs., her attorneys"; and that "there was no other consideration to support said extension of mortgage."

The evidence upon which these findings are based shows that, after the action to foreclose the second mortgage had been commenced, Mr. Benjamin, as attorney representing the Steins, appealed to the plaintiff to grant the extension, in order, if possible, to prevent the foreclosure of the second mortgage; and it was for that purpose solely that the extension was given. The fact of the extension was interposed as a defense in the action to foreclose the second mortgage, but it was held by the court to be unavailable, for the reason that the extension was obtained too late, and for the further reason that the guarantor of the second mortgage, unless the proceedings

were sustained, would be released. A decree of foreclosure was accordingly entered in that action. No appeal having been taken, and the parties being bound by that decree, it follows that the purpose and end for which the extension was given, and the entire consideration which moved this plaintiff to give it, failed; and therefore the agreement itself also failed.

The appellant further urges, however, that this action was prematurely brought because, at the time, no interest on the first mortgage was then due. The facts bearing upon this contention show that in payment of interest up to February 5, 1901, the plaintiff received from the Steins $225 in cash and a note for $200. Had the entire payment been in cash, then clearly the next interest would not have been payable until August, 1901, and as this action was commenced May 20, 1901, there would be a foundation for the claim that it was prematurely brought. The receipt given for the interest shows, however, that what was received was, as stated, $225 in cash and a note for $200; which note, when due, prior to the commencement of this action, was not paid. Though conceding the right of the plaintiff to require that the entire interest should be paid in cash, and admitting that the mere receipt and acceptance of the note, conditionally on its being paid, did not act as a payment, and that on such note becoming due and not being paid the plaintiff was at liberty to resort to his rights under the mortgage, the defendants insist that the conduct of the plaintiff and the representations made by him and the attorney, Mr. Decker, were such that the plaintiff is estopped as against Freeman, who was the purchaser on the sale, from claiming that the interest was not paid.

It will be found, however, upon an examination, that this plea of estoppel is not supported. It is true that in the Gumprecht action the plaintiff was questioned as to the date up to which the interest was paid, and that he did state that it was paid up to February 5, 1901; but it appears that, owing to an objection made to his going into the circumstances concerning the payment, he was prevented from giving the facts connected with such payment. In no sense, therefore, can his testimony be regarded as a declaration or a representation which is binding upon him, because he was not permitted to state fully the facts in connection with the payment.

The additional ground upon which the estoppel is urged is that, when it became necessary to prepare the terms of the sale in the foreclosure action on the second mortgage, an inquiry was made of Mr. Decker as to the time up to which interest was paid on the first mortgage, and as to how much was due thereon for principal and interest, and in answer to such inquiry Mr. Decker stated that it was paid up to February 5, 1901. The letter containing this statement shows, what appears from the other evidence, that this information was obtained by Mr. Decker from the Steins, whom he represented as attorney in that action, and not from this plaintiff.

Apart, however, from these statements, which were brought to the knowledge of Mr. Benjamin, who acted for Valentine Gumprecht in the foreclosure of her mortgage, and for Freeman, who was the purchaser on the sale, it appears without contradiction that, immediately

prior to the sale, and on the date thereof—which was the same date that this action was commenced—both Benjamin and Freeman knew of its commencement, and had either actual notice, or by reason of its commencement were bound to take notice, of the plaintiff's claim, not only that the principal, but that some part of the interest up to February 5, 1901, was due and unpaid.

The whole theory of estoppel, therefore, falls to the ground as completely as did the alleged consideration for the extension agreement, and, as there was no legal obstacle in the way of foreclosing the mortgage, the plaintiff was not prevented or estopped from proceeding. The conclusion of the learned judge at Special Term that this action was not prematurely brought is therefore supported, and it accordingly follows that the judgment appealed from should be affirmed, with costs. All concur.